IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. AP-75,874 






EX PARTE JESSE NUNEZ TORRES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11567-A IN THE 118TH JUDICIAL DISTRICT COURT


FROM HOWARD COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to life imprisonment. Appellate counsel filed an Anders brief, and Applicant
did not timely file a pro se response to the Anders brief. The Eleventh Court of Appeals
independently reviewed the record and determined that the appeal was without merit. Torres v.
State, No. 11-06-00156-CR (Tex. App. - Eastland, February 15, 2007, no pet).

 Applicant contends, inter alia, that he was unable to file his pro se response because he was
not provided with a transcript of voir dire, as specified in his request for preparation of the reporter's
record and designation of matters to be included therein. Applicant filed two motions for extensions
of time to file his pro se response, citing the incomplete record. One extension was granted, but the
second motion for an extension was denied. Applicant alleges that he was unable to prepare and
timely submit his pro se response without the voir dire transcript, and argues that it was improper
for the Court of Appeals to make the determination that there were no non-frivolous grounds for an
appeal on an incomplete record.

 We remanded this application to the trial court for findings of fact as to whether the voir dire
was recorded in this case, and if so, why Applicant was not provided with a transcript as requested.

The trial court has determined that the voir dire was recorded but that the transcript was not included
in the clerk's record provided to Applicant. The trial court finds that the voir dire transcript has now
been provided to Applicant. 

 We find, therefore, that Applicant is entitled to the opportunity to examine the voir
dire transcript, and to file an out-of-time pro se appellate brief in his appeal from cause number
11567-A from the 118th Judicial District Court of Howard County. For purposes of the Texas Rules
of Appellate Procedure, all time limits shall be calculated as if the Anders brief had been filed on the
day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to file his pro se brief within thirty days after the mandate of this
Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).

Delivered: March 19, 2008

Do Not Publish